IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


CASEY SCHULTZ,                              3:08-CV-1095-BR

      Plaintiff,

                                            ORDER

v.

A&C TRUCKING I, LLC, a
Washington limited liability
company; and ALAN R. HENNING,

      Defendants.


CASEY SCHULTZ
2320 E. Baseline Road, Suite 148-161
Phoenix, AZ 84042-6951

      *Pro Se* Plaintiff

TYSON L. CALVERT
Lindsay Hart Neil & Weigler LLP
1300 S.W. Fifth Avenue, Suite 3400
Portland, OR 97201
(503) 226-7677

      Attorneys for Defendants


**BROWN, Judge.**

      The Court has completed its consideration of Plaintiff's

1  -  ORDER

Motion (#87) for Attorney Fees and Defendants' Motion (#83) for Attorney Fees and Costs. The Court provides the parties with the opportunity to supplement the record so that the Court may properly resolve these pending Motions:

1. Plaintiff has proceeded *pro se* in this matter since the Court permitted his counsel to withdraw in March 2009. Plaintiff seeks attorneys' fees of $6,135.95 as a prevailing party under 49 U.S.C. § 14704. As support for his Motion for such fees, Plaintiff offers only copies of checks written to his former counsel that reflect the total award sought by Plaintiff. The Court, however, must determine the reasonableness of the time Plaintiff's former counsel expended on this matter, the reasonableness of former counsel's hourly rate, and the manner of work performed by former counsel in order to make its determination that the attorneys' fee award sought by Plaintiff is reasonable. The Court cannot make a proper assessment on this record and, therefore, provides Plaintiff with an opportunity to supplement his Motion **no later than September 9, 2011,** to include a declaration from his former counsel setting out the information listed above so that the Court can properly assess Plaintiff's attorney-fee request. Plaintiff should consult the Court's website before filing any supplemental documents:

2  -   ORDER

http://ord-pdx-web/local-rules-of-civil-procedure/lr-54-bill-of-costs-and-attorney-fees and http://ord-pdx-web/court-policies/message-from-the-court-regarding-fee-petitions. Defendants may file a response limited to ten (10) pages **no later than September 20, 2011**.  No reply will be permitted.

2. Plaintiff also requests $12,751.29 in costs incurrd in litigating this matter through trial pursuant to 49 U.S.C. § 14704.  Plaintiff, however, seeks to recoup a number of expenses that are not generally awarded such as lost wages, lodging, parking, and other travel-related expenses. Plaintiff has not provided any legal basis for an award of such costs.  Under 28 U.S.C. § 1920:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation for court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

Unless Plaintiff can provide some legal authority for the cost award he seeks, Plaintiff's costs will be limited to

3 - ORDER

those set out in § 1920.  The Court, therefore, provides Plaintiff with an opportunity to supplement his Motion **no later than September 9, 2011,** to include legal authority for the costs that Plaintiff seeks and to provide proof of the costs of this matter as provided in § 1920.  Plaintiff should refer to the web pages set out above before filing any supplemental documents.  Defendants may file a response limited to ten (10) pages **no later than September 20, 2011**.  No reply will be permitted.

3. Defendants seek over $8,000 in costs (including attorneys' fees) pursuant to the Court's Order (#65) awarding Defendants "those costs they incurred to be ready for trial [on December 27, 2010,] which costs they will have to incur a second time" because Plaintiff requested a continuance on the day of trial.  Although Defendants seek an award that includes 37.7 hours of time expended by counsel, the Court is not inclined to award such fees.  The Court will consider awarding attorneys' fees and other costs associated with counsel's presence in Court on December 27, 2010 (which appears on this record to be 1.5 hours), as well as costs associated with the presence of witness Cory Henning and Legal Assistant J. Brandon Caplan in Court that day.  Unless counsel otherwise shows the work he performed in antici- pation of trial on December 27, 2010, was *necessarily*

4 -   ORDER

     performed a second time to be ready for trial just a little over nine weeks later in March 2011, the Court will not award attorneys' fees for counsel's December trial preparation.  Accordingly, the Court provides Defendants with an opportunity to supplement their Motion **no later than September 9, 2011**.  Plaintiff may file a response limited to ten (10) pages **no later than September 20, 2011**.  No reply will be permitted.

4.   Defendant Alan R. Henning also seeks costs under Federal Rule of Civil Procedure 54 for prevailing at trial in his defense against Plaintiff's claim alleging Henning's personal liability for the obligations of Defendant A&C Trucking I, LLC.  With respect to such costs, Defendant states:  "The costs incurred by defendant Henning are aggregated and combined with the costs incurred from the December 27, 2010 trial."  The Court, however, cannot discern those costs on this record nor is there any evidence provided to substantiate such costs.  The Court provides Defendant Henning with an opportunity to supplement his request for costs **no later than September 9, 2011**, and to submit a Bill of Costs that seeks *only those costs* that can be associated with Defendant Henning's defense of Plaintiff's claim against him personally.  When considering any supplemental filing, counsel should consult the web

5 -   ORDER

pages set out in #1 above.  Plaintiff may file a response limited to ten (10) pages **no later than September 20, 2011**. No reply will be permitted.

IT IS SO ORDERED.

DATED this 22nd day of August, 2011.

                                               /s/ Marco Hernandez for
                                               _____
                                               ANNA J. BROWN
                                               United States District Judge

6 -   ORDER