IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


CASEY SCHULTZ,                                    3:08-CV-1095-BR

        Plaintiff,

                                                 OPINION AND ORDER

v.

A&C TRUCKING I, LLC, a
Washington limited liability
company, and ALAN R. HENNING,

        Defendants.


CASEY SCHULTZ
2320 E. Baseline Road, Suite 148-161
Phoenix, AZ 84042-6951

        Plaintiff, *Pro Se*

TYSON L. CALVERT
Lindsay Hart Neil & Weigler LLP
1300 S.W. Fifth Avenue, Suite 3400
Portland, OR 97201
(503) 226-7677

        Attorneys for Defendants


1  -  OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiff Casey Schultz's Motion (#87) for Attorney Fees and Costs and Supplemental Motion (#100) for Attorney Fees and Costs and Defendants' Motion (#83) for Attorney Fees and Costs and Supplemental Motions (#95, #96) for Attorney Fees and Costs.

In his Motions Plaintiff requests an award of attorneys' fees in the amount of $6,135.95 as part of a total award of $18,887.24 in costs in accordance with 49 U.S.C. § 14704. In their Motions Defendants request an award of attorneys' fees in the amount of $4,576.50[1] and $121.00 in costs in accordance with the Court's Order (#65) issued on December 27, 2010. Defendant Alan R. Henning also requests prevailing-party costs (#96) of $91.75 in accordance with Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920.

For the reasons that follow, the Court grants in part and denies in part Plaintiff's Motions (#87, #100) and awards Plaintiff $5,198.00 in attorneys' fees but does not award any additional costs against Defendants. The Court also grants in part and denies in part Defendants' Motions (#83, #95) and awards Defendants $2,910.00 in attorneys' fees and costs of $121 against Plaintiff in accordance with the Court's December 27, 2010, Order

_____

[1] In their Supplemental Motion (#95), Defendants modified their original request for $7,917.00 in attorneys' fees.

2  -  OPINION AND ORDER

(#65).  The Court also grants in part and denies in part
Defendant Henning's Bill of Costs (#96) and awards costs of
$15.75 against Plaintiff under Federal Rule of Civil Procedure
54(d) and 28 U.S.C. § 1920.


## BACKGROUND

With the benefit of counsel, Plaintiff Casey Schultz filed
this action on September 19, 2008, against Defendant A&C Trucking
I, LLC, and its owner, Defendant Alan R. Henning, alleging breach
of a Lease Agreement governed by federal law under 49 U.S.C.
§ 14102 and its implementing regulations at 49 C.F.R. part 376.
Plaintiff sought money damages against both Defendants for
amounts allegedly due under the Lease Agreement together with
interest, costs, and attorneys' fees.  Early in the case,
however, Plaintiff's counsel withdrew, and Plaintiff has
proceeded *pro se* since then.

A trial to the Court was scheduled to begin on December 27,
2010, but Plaintiff failed to appear.  In lieu of beginning
trial, the Court held a hearing in which Plaintiff appeared by
telephone.  Plaintiff informed the Court that on December 23,
2010, the commercial truck he was driving broke down in or near
Phoenix, Arizona, and required repairs.  Plaintiff stated he had
difficulty getting the needed repairs because of the holidays,
and he could not abandon the truck because he was required to

3  -  OPINION AND ORDER

stay with the load that he was delivering to the Los Angeles, California, area.  The Court construed Plaintiff's statement as an oral Motion to Continue the trial date.

Defendants objected to Plaintiff's Motion.  By Order (#65) issued on December 27, 2010, the Court, nevertheless, granted Plaintiff's Motion and reset the trial for March 9, 2011, on condition that, *inter alia*, Plaintiff pay the costs that would be incurred by Defendants in preparing for trial a second time in March.

On March 9-10, 2011, Plaintiff's claims were tried to the Court.  On March 23, 2011, the Court issued its Findings of Fact and Conclusions of Law (#76) in which the Court entered its Verdict as follows:

1. In favor of Plaintiff and against Defendant A&C Trucking as to Plaintiff's First Claim for Breach of Contract in the amount of $1,186.50 plus statutory interest from the date of entry of Judgment at the rate of .23% and

2. In favor of Defendant Henning and against Plaintiff as to Plaintiff's Second Claim for the personal liability of Defendant Henning.

The Court concluded Plaintiff is entitled to recover his prevailing-party costs against Defendant A&C as to his First Claim and to seek an award of attorneys' fees pursuant to 49

4  -  OPINION AND ORDER

U.S.C. § 14704.  The Court also found it would consider a claim by Defendant Henning as to his entitlement to prevailing-party costs against Plaintiff.

On May 16, 2011, Defendants filed their Motion (#83) for Attorney Fees and Costs and Plaintiff filed his Motion (#87) for Attorney Fees and Costs.

On August 22, 2011, the Court issued an Order (#93) requesting each of the parties to file a supplemental memorandum in support of their respective requests for attorneys' fees and costs.  On September 9, 2011, Plaintiff filed his Supplemental Motion (#100) and Defendants filed their Supplemental Motion (#95).

## STANDARDS

Generally the Ninth Circuit has adopted a lodestar/multiplier approach for assessing the amount of reasonable attorneys' fees.  *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 582 (9th Cir. 2010).  *See also Gates v. Deukmejian,* 987 F.2d 1392, 1397 (9th Cir. 1993).  The party seeking an award of fees bears the burden to produce evidence to support the number of hours worked and the rates claimed.  *United Steelworkers of Am. v. Retirement Income Plan for Hourly-rated Employees of* Asarco, *Inc.*, 512 F.3d 555, 565 (9th Cir. 2008).  See *also Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

When determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McKown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009)(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The district court has "considerable discretion" in determining the reasonableness of attorneys' fees. *Webb v. Ada County, Idaho,* 195 F.3d 524, 527 (9th Cir. 1999).

To determine the lodestar amount, the court may consider the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Fischel v. Equitable Life Assur. Soc'y of* U.S., 307 F.3d 997, 1007 n.7 (9th Cir. 2002).  See *also Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).  "The Court need not consider all . . . factors, but only those called into question by the case at hand and necessary to support the reasonableness of the fee award."  *Cairns v. Franklin Mint Co.*, 292 F.3d 1139,

6  -  OPINION AND ORDER

1158 (9th Cir. 2002)(quoting *Kessler v. Assocs. Fin. Servs. Co. of Haw.*, 639 F.2d 498, 500 n.1 (9th Cir. 1981)).

## **PLAINTIFF'S MOTIONS FOR ATTORNEYS' FEES AND COSTS**

Plaintiff seeks attorneys' fees and costs pursuant to 49 U.S.C. § 14704(e), which provides:  "The district court shall award a reasonable attorney's fee under this section.  The district court shall tax and collect that fee as part of the costs of the action."

## I.   **Attorneys' Fees.**

In his Motions, Plaintiff seeks a total of $6,135.95 in attorneys' fees for 33.5 hours expended by attorneys John A. Anderson (33.2 hours) and unidentified counsel with the initials "TRS" (0.3 hours).  Plaintiff did not submit a Declaration by his former counsel in support of his Motion.  Instead Plaintiff submitted copies of the checks that he paid to his counsel and invoices showing the billing entries for counsel's work on this matter from September 2008 to January 2009.

Defendants object to Plaintiff's Motions on the following grounds:  (1) Plaintiff has not provided any authority for his request for attorneys' fees, (2) Plaintiff is not entitled to attorneys' fees as a *pro se* litigant, and (3) Plaintiff's request for attorneys' fees is unreasonable.

As noted, Plaintiff's request for attorneys' fees is

7  -  OPINION AND ORDER

authorized by statute.  *See* 49 U.S.C. § 14704(e).  In addition,
even though Plaintiff is not entitled to attorneys' fees for the
time in which he represented himself, Defendants have not cited
any basis to deny Plaintiff's reasonable attorneys' fees incurred
by his counsel of record before he proceeded *pro se*.
Accordingly, the Court assesses the reasonableness of Plaintiff's
attorneys' fees for the period of time when he was represented by
counsel.

    **A.   Reasonable Hourly Rate.**

    As reflected on the billing invoices from Plaintiff's
counsel, attorney Anderson had an hourly billing rate of $250
per hour.  The records also reflect an attorney with the initial
"TRS" had an hourly billing rate of $195 per hour.

        **1.   Attorney Anderson.**

        Plaintiff points out that he could not obtain a
declaration from his counsel in support of his Motion because he
could not afford to do so.  Instead Plaintiff submits only
Anderson's detailed billing records from the Portland, Oregon,
law firm of Anderson and Yamada, P.C., in support of his Motion.
The Court has carefully reviewed those records and the pleadings
filed by attorney Anderson between September 2009 and February
2009.  The Court concludes Anderson provided competent
representation in preparing the case for Plaintiff and in
representing Plaintiff through the initial stages of the

litigation.

The Oregon State Bar 2007 Economic Survey (Oregon 2007 Survey) shows the median hourly billing rate for Portland, Oregon, attorneys is $230.  The Court is satisfied that Anderson provided sufficiently competent representation to charge the median hourly billing rate based on his work in this matter. Without evidence from Anderson or some other source to justify an hourly rate above the median rate, the Court is only able to conclude an hourly rate of $230 is reasonable on this record under these circumstances.

### 2.   Attorney "TRS."

The Court does not have any basis on this record to assess the hourly rate of $195 for TRS and cannot even determine the name of this attorney.  Accordingly, the Court denies Plaintiff's request as to the 0.3 hours expended by TRS.

### B.   Reasonable Time Expended.

As noted, Plaintiff has provided the Court with the billing entries for 33.5 hours expended by his counsel in the development and early stages of this litigation.  The Court has already disallowed the 0.3 hours expended by "TRS," and the Court now considers the reasonableness of the remaining 33.2 hours expended by Anderson.

Defendants object generally that Plaintiff has not provided sufficient evidentiary support for his request for fees.  The

Court disagrees.  The billing records provided by Plaintiff are sufficient when considered in conjunction with Anderson's filings for the Court to assess the reasonableness of the time expended by Anderson on this matter.

In addition, Defendants object specifically to the reasonableness of Plaintiff's request on the following grounds: (1) Plaintiff has only produced invoices totaling $5,248.46, which should be a cap on Plaintiff's recovery; (2) $2,135.95 of Plaintiff's attorneys' fees were paid by Defendants and should not be awarded to Plaintiff; and (3) Plaintiff should not recover 10.6 hours of Anderson's time that was expended on Plaintiff's claim against Defendant Henning, which Plaintiff lost at trial.

Although Defendants contend Plaintiff only submitted invoices for $5,248.46, the Court notes the record reflects Plaintiff has submitted billing invoices for 33.5 hours of attorney time (33.2 hours at $250 per hour and 0.3 hours at $195 per hour) totaling $8,358.50.  Plaintiff also has provided sufficient evidence that he paid $6,135.95 of that amount, and, as noted, Plaintiff has limited his request for fees to that amount.

Defendants also contend $2,135.95 of that amount should not be recoverable because Defendants issued Plaintiff a check for that amount and Plaintiff apparently used that money to pay for some of his attorneys' fees.  The record, however, does not

reflect Defendants paid the $2,135.95 to Plaintiff as attorneys'
fees, and, in any event, Plaintiff is asking for $2,222.05 less
than the invoices submitted for attorneys' fees.  The Court,
therefore, does not find any reason for reducing Plaintiff's
request for attorneys' fees on that basis.

Finally, the Court has reviewed the billing entries provided
by Plaintiff and agrees with Defendants that Plaintiff's counsel
expended 10.6 hours on the claim that Plaintiff lost at trial
against Defendant Henning.  Accordingly, the Court concludes
Plaintiff should not recover for the 10.6 hours expended on that
claim.  Based on the Court's review of the remaining hours
expended by Anderson on Plaintiff's behalf and in light of the
factual complexity surrounding the disputed contract in this
matter and the legal difficulty of determining the application of
the federal leasing scheme to such a contract, the Court
concludes, in the exercise of its discretion, that the remaining
22.6 hours expended by Plaintiffs' counsel to develop and to
manage the early stages of this litigation were reasonable.  In
accordance with 49 U.S.C. §  14704(e), therefore, the Court
awards Plaintiff $5,198.00 in attorneys' fees as part of his
prevailing-party costs in this action.

## II.  Costs.

Costs generally are awarded to the prevailing party in a
civil action as a matter of course unless the court directs

11 -  OPINION AND ORDER

otherwise.  Fed. R. Civ. P. 54(d).  The court must limit an award
of costs to those defined in 28 U.S.C. § 1920 unless otherwise
provided for by statute.  *Grove v. Wells Fargo Fin. Ca., Inc.*,
606 F.3d 577, 579-80 (9th Cir. 2010).  *See also Haagen-Dazs Co.,
Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587,
588 (9th Cir. 1990)(citing *Crawford Fitting Co. v. J.T. Gibbons,
Inc.*, 482 U.S. 437, 441-42 (1987)).  Section 1920 provides the
Court the authority to tax the following costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically
> recorded transcripts necessarily obtained for
> use in the case;
>
> (3) Fees and disbursements for printing and
> witnesses;
>
> (4) Fees for exemplification and the costs of
> making copies of any materials where the
> copies are necessarily obtained for use in
> the case;
>
> (5) Docket fees under section 1923 of this
> title;
>
> (6) Compensation of court appointed experts,
> compensation of interpreters, and salaries,
> fees, expenses, and costs of special
> interpretation services under section 1828 of
> this title.

Plaintiff seeks $18,887.24 in costs (less attorneys' fees of
$6,135.95 already addressed) for lost wages ($11,100.00); fixed
costs such as insurance for the days Plaintiff was unable to work
($435.60); interest on the $2,135,95 check Plaintiff sent to his
counsel ($128.10); and food, fuel, lodging, parking, and car

12 -  OPINION AND ORDER

rental for travel to and time in Portland, Oregon ($1,087.59).

In its Order (#93) issued August 22, 2011, the Court stated:

> Plaintiff also requests $12,751.29 in costs
> incurred in litigating this matter through
> trial pursuant to 49 U.S.C. § 14704.
> Plaintiff, however, seeks to recoup a number
> of expenses that are not generally awarded
> such as lost wages, lodging, parking, and
> other travel-related expenses.  Plaintiff has
> not provided any legal basis for an award of
> such costs.

> * * *

> Unless Plaintiff can provide some
> legal authority for the cost award he seeks,
> Plaintiff's costs will be limited to those
> set out in § 1920.  The Court, therefore,
> provides Plaintiff with an opportunity to
> supplement his Motion no later than
> September 9, 2011, to include legal authority
> for the costs that Plaintiff seeks and to
> provide proof of the costs of this matter as
> provided in § 1920.

In his Supplemental Motion, Plaintiff concedes he does not
have any legal authority to support his cost request and instead
invokes the Court's discretion to award such costs.  Defendants,
however, note the Court has discretion only within the bounds of
those costs set out in § 1920.  *See Maxwell v. Hapag-Lloyd
Aktiengesellschaft, Hamburg*, 862 F.2d 767, 770 (9th Cir.
1988)(recognizes the Supreme Court's decision in *Crawford Fitting
Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987), "strictly
limit[ing] reimbursable costs to those enumerated in § 1920").
Because Plaintiff did not enumerate in his requests for costs any
items that are compensable as prevailing-party costs under

13 -  OPINION AND ORDER

§ 1920, the Court denies Plaintiff's request for costs except for those attorneys' fees awarded as costs under 49 U.S.C. § 14704(e) ("The district court shall tax and collect [attorneys'] fee[s] as part of the costs of the action.").

## DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS

Defendants seek attorneys' fees and costs pursuant to the Court's Order (#65) issued on December 27, 2010, in which the Court, as a condition of granting Plaintiff's oral Motion to continue the trial from December 27, 2010, to March 9, 2011, ordered Plaintiff to pay the costs Defendants incurred in preparation for trial initially set on December 27, 2010, that they would necessarily incur again to be prepared for trial in March.  Defendant Henning also seeks prevailing-party costs under Rule 54.

**I.    Attorneys' Fees and Costs pursuant to the Court's Order (#65).**

In their Supplemental Motion for attorneys' fees and costs, Defendants seek fees and costs necessarily incurred to prepare for trial the second time as a result of Plaintiff's failure to be present for trial the first time on December 27, 2010.  In response to Defendants' initial Motion, the Court stated in its Order (#93) issued on December 27, 2010:

> Defendants seek over $8,000 in costs
> (including attorneys' fees) pursuant to the

14 -  OPINION AND ORDER

> Court's Order (#65) awarding Defendants
> "those costs they incurred to be ready for
> trial [on December 27, 2010,] which costs
> they will have to incur a second time"
> because Plaintiff requested a continuance on
> the day of trial.  Although Defendants seek
> an award that includes 37.7 hours of time
> expended by counsel, the Court is not
> inclined to award such fees.  The Court will
> consider awarding attorneys' fees and other
> costs associated with counsel's presence in
> Court on December 27, 2010 (which appears on
> this record to be 1.5 hours), as well as
> costs associated with the presence of witness
> Cory Henning and Legal Assistant J. Brandon
> Caplan in Court that day.  Unless counsel
> otherwise shows the work he performed in
> anticipation of trial on December 27, 2010,
> was *necessarily* performed a second time to be
> ready for trial just a little over nine weeks
> later in March 2011, the Court will not award
> attorneys' fees for counsel's December trial
> preparation.

Emphasis in original.

In their Supplemental Motion, Defendants modified their

original Motion to seek $4,576.50 in attorneys' fees

(representing 19.2 hours expended by Tyson Calvert, Defendants'

counsel, to prepare for trial on March 9, 2011; 1.5 hours for the

hearing on December 27, 2010, when Plaintiff did not appear; and

2.7 hours expended by Legal Assistant J. Brandon Caplan) and

$121.00 in costs (representing lost wages and travel expenses for

witnesses on December 27, 2010) that Defendants maintain they

necessarily incurred to be ready for trial the second time in

March 2011.

### A.    Reasonable Hourly Rate.

15 -  OPINION AND ORDER

Calvert requests the Court to award attorneys' fees based on his hourly rate of $210 and an hourly rate of $85 for Caplan.

**1.   Attorney Calvert.**

Calvert provides a Declaration in which he states he has practiced law in this jurisdiction since 2003 and that he is a trial attorney who has developed experience in the area of transportation law, which was the issue in this matter. Without reference to the Oregon 2007 Survey, Calvert represents his fee is reasonable and commensurate with his experience.

The Oregon 2007 Survey reflects counsel with seven to nine years of experience in Portland charge an average of $239 per hour and a median rate of $225 per hour. Calvert's requested rate is just $10 per hour above the 25th percentile hourly rate of $200 for Portland attorneys with similar experience.

The Court's experience with counsel during hearings and in trial and counsel's briefs and pleadings demonstrate he provided competent legal representation to Defendants and, therefore, the Court finds the rate of $210 per hour is reasonable under the circumstances of this case.

**2.   Legal Assistant Caplan.**

Defendants also maintain the hourly rate of $85 for Caplan is reasonable and commensurate with other legal assistants in the Portland area performing trial-preparation services. Defendants, however, do not present any evidence for the Court's

16 -  OPINION AND ORDER

consideration to support such a claim.  Although Caplan offers a
Declaration (#85) in which he sets out the work he performed in
anticipation of trial, Caplan does not otherwise describe his
experience such as whether he is a paralegal or a law student.
Without more specific evidence, the Court considers $85 per hour
to "prepare trial exhibits for electronic display at trial, load
trial exhibits on to laptop," to "confer with Attorney Calvert,"
and to "attend trial" is unreasonable.  Accordingly, the Court
reduces the hourly rate for Caplan to $50 per hour.

**B.    Reasonable Time Expended.**

Defendants request the Court to award attorneys' fees for
20.7 hours expended by Calvert for the 1.5 hours that he spent
attending the hearing on December 27, 2010, in lieu of trial and
for 19.2 hours expended in preparing a second time for trial on
March 9, 2011.

The Court finds the 1.5 hours for counsel attending the
hearing on December 27, 2010, is reasonable and should be awarded
to Defendants in accordance with the Court's previous Order
(#65).

In his Declaration (#97) Calvert attests the time he
necessarily duplicated to prepare for trial a second time
consists of 6.9 hours on March 7, 2011, for "[t]rial preparation;
outline and exhibit presentation"; 11.1 hours on March 8, 2011,
to "[c]ontinue trial preparation; prepare opening statement;

organize exhibit presentment; telephone conference (x2) with Alan Henning; meeting with Brandon Caplan to go over ELMO presentation; prepare and formulate examination strategy; review applicable motion rules for making motion to dismiss case**";** and 1.2 hours on March 9, 2011, for "[p]re-trial meeting with client and witness."

The Court concludes, as expressed in its previous Order (#93), that much of this work was not necessarily duplicated in preparation for trial on March 9, 2010.  For example, in Calvert's Declaration the entry for March 7, 2011, in which he notes he spent 6.9 hours in trial preparation to outline and to prepare exhibits is almost identical to his entry in his Declaration (#84) for December 20, 2010, in which he spent 6.4 hours of a total of 37.7 hours of trial preparation to "[b]egin trial preparation/outline and review **all** submitted exhibits and summarize each exhibit on trial outline."  (Emphasis added.) Calvert's December entries include other entries similar to the March entries for preparing witness-examination outlines, meetings with clients, etc.  The Court finds the time spent in preparation for the trial in March would reasonably be limited to reviewing the work already performed in December, and in the absence of evidence to the contrary, the Court concludes the number of hours spent in review should be fewer than the hours spent initially preparing in December 2010.  In short, the Court

is not persuaded based on this record that it would be necessary to repeat fully half of the nearly 40 hours of preparation for trial in late December 2010 to be ready for trial again approximately nine weeks later.  Thus, although the Court is satisfied that Calvert would necessarily be required to duplicate some of the work that he performed in December 2010 to be prepared for trial in early March 2011, the Court does not find 19.2 hours were necessary or reasonable to review the work performed in December 2010 for a two-day bench trial that was limited to a breach-of-contract claim and a claim of personal liability for the obligation of a corporate entity and entailed calling few witnesses.  Accordingly, the Court concludes a reduction from 19.2 to 12 hours necessarily expended a second time for trial in March 2011 is reasonable under these circumstances.  The  Court, therefore, concludes a total of 13.5 hours (to include the 1.5 hours expended at the December 27, 2010, hearing) for Calvert is reasonable.

In addition, the Court has reviewed the time entries for Caplan.  The Court concludes the 1.5 hours expended by Caplan to attend the hearing on December 27, 2010, are reasonable.  There is not any basis in this record, however, to conclude the 1.2 hours Caplan spent in preparation for trial in December 2010 to prepare electronic exhibits needed to be repeated for trial in March 2011.

19 -  OPINION AND ORDER

**C.   Costs.**

Defendants also seek costs for their attendance at the hearing on December 27, 2010, in accordance with the Court's Order (#65).  Defendants seek a total of $121 in costs comprising lost wages for witness Cory Henning (five hours at $15 per hour for a total of $75.00) and fuel costs for travel from Washougal, Washington, to the federal courthouse by Cory and Alan Henning (46 miles round trip for both at $0.50 per mile).

The Court concludes these costs are reasonable and are within the scope of the Court's Order (#65) conditioning the continuance of the trial date upon Plaintiff's payment of the costs that Defendants unnecessarily incurred to appear in Court on December 27, 2010.

Accordingly, the Court requires Plaintiff to pay Defendants a total of $3,031.00 (attorneys' fees of $210 per hour for 13.5 hours, legal assistant fees of $50 for 1.5 hours, and $121 in costs).

**II. Alan Henning's Prevailing-Party Costs.**

Defendant Henning seeks a total of $91.75 in costs under Rule 54(d) as the prevailing party on Plaintiff's claim against him for personal liability for the obligation of Defendant A&C Trucking.  As set out in his Bill of Costs, Henning seeks reimbursement in accordance with 28 U.S.C. § 1920 for his travel to the Court from Washougal, Washington, for the two-day trial

($46.00 for the 46 mile round trip at $0.50 per mile),

photocopying costs ($15.75), and docket fees ($20.00).

Henning contends these costs were necessarily incurred for

the defense of Plaintiff's claim against him, but he does not

provide any documentary evidence for any of these expenses.

In its Order (#93) the Court stated with respect to

Henning's request for costs:

> Defendant Alan R. Henning also seeks costs
> under Federal Rule of Civil Procedure 54 for
> prevailing at trial in his defense against
> Plaintiff's claim alleging Henning's personal
> liability for the obligations of Defendant
> A&C Trucking I, LLC.  With respect to such
> costs, Defendant states:  "The costs incurred
> by defendant Henning are aggregated and
> combined with the costs incurred from the
> December 27, 2010 trial."  The Court,
> however, cannot discern those costs on this
> record nor is there any evidence provided to
> substantiate such costs.  The Court provides
> Defendant Henning with an opportunity to
> supplement his request for costs . . . and to
> submit a Bill of Costs that seeks *only those
> costs* that can be associated with Defendant
> Henning's defense of Plaintiff's claim
> against him personally.

With respect to Henning's travel costs, the Court cannot

conclude those costs are solely related to Plaintiff's claim

against Henning personally.  Henning testified at trial on behalf

of Defendant A&C Trucking and likely would have been a witness

regardless whether Plaintiff brought a claim against Henning

personally.  In addition, although Henning includes a $20

"docketing fee," Henning did not provide a receipt and the Court

cannot determine why the docketing fee was paid, to whom, and whether it was related solely to the claim against Henning personally.  Accordingly, and in the exercise of its discretion, the Court denies Henning's requests for costs related to his travel to the Court for trial and for a docket fee.

The Court is satisfied on this record, however, that Henning expended $15.75 for photocopies related to his defense of Plaintiff's claim against him personally.  Accordingly, the Court taxes $15.75 in costs against Plaintiff and in favor of Defendant Henning.


## CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motions (#87, #100) and **awards** Plaintiff **$5,198.00** in attorneys' fees but does not tax any additional costs against Defendants.  The Court also **GRANTS in part** and **DENIES in part** Defendants' Motions (#83, #95) and **awards** Defendants **$2,910.00** in attorneys' fees and costs of **$121.00** against Plaintiff.  The Court also **GRANTS in part** and **DENIES in part** Defendant Henning's Bill of Costs (#96) and **taxes** costs of **$15.75** against Plaintiff.

The Court **directs** the parties to confer to determine whether a judgment may be entered for only the net sums owing to Plaintiff after offsetting the amounts owed to Defendants.  In

22 - OPINION AND ORDER

any event, the Court **directs** Defendants' counsel to submit a proposed form of final judgment in a stipulated form if possible **no later than December 22, 2011.**

IT IS SO ORDERED.

DATED this 9th day of December, 2011.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge

23 - OPINION AND ORDER